Mr. Chief Justice Johnson delivered the opinion of the Court. If the Circuit Court erred in overruling the demurrer to the two pleas in abatement filed by the defendant, it must arise from the fact that it placed an improper construction upon the 20th Sec. of Chap. 94 of the Digest. That Section is that “No exception against any Juror on account of his citizenship, non-residence, age or other legal disability shall be allowed after the Jury are sworn.” The first point to be settled is whether this Section applies to Grand Jurors, as in the absence of any express Statute to the contrary, the law is clearly in favor of the sufficiency of the pleas. The 5th Sec. of the same chapter provides that “Every Grand Juror shall be a free white male citizen of this State, over the age of twenty-one years, resident of the county, a house-holder or a frée-holder, and otherwise qualified according to law.” The 17th Sec. also prescribes the requisites of a Petit Juror, and requires precisely the same with the exception of his being either a free-holder or house-holder. It is also provided by the 18th and 19th Sections that “If any person be summoned as a Grand or Petit Juror, who is not qualified as required by law, he may be challenged and discharged upon such challenge being verified according to law or his own oath,” and that “No person shall serve as a Petit Juror who is related to either party in a suit within the fourth degree of consanguinity or affinity.” The Section that immediately follows is the one declaring that no exception against any Juror on account of his citizenship, non-residence, age or other legal disability shall be allowed after the Jury are sworn. — ■ We consider it manifest from all the different Sections, when taken together; that it was not the design of the Legislature to em-. brace Grand Jurors, and that the 20th Section should be confined in its operation to Petit Jurors. To give it such a construction as to make it apply to and embrace Grand Jurors would be to strike a fatal blow at the liberty of the citizen. The requisites prescribed by the Statute were, imposed for wise purposes, and were evidently designed as guards thrown round the liberty of the citizen. They constitute an important part of the right of trial by Jury. A Grand Jury does not, by our law, consist of sixteen or more men congregated by a mere order of Court, or by accident, in a Jury Box; but it consists of the requisite number of competent individuals selected, summoned, and sworn according to the forms of law; and if they do not possess the requisites of the law it is an incompetent Grand Jury. If this be so it re-suits, as a necessary consequence, that any one indicted by such a Jury may question their power; he cannot be called upon to answer a charge against him unless it has been preferred according to the forms of law and by a competent Grand Jury. The question is, how is this to be done ? A prisoner who is in Court, and against whom an indictment is about to be preferred, may undoubtedly challenge for cause; this cannot be questioned. But in case the Grand Jury should find an indictment against a person who is not in Court, how is he to avail himself of his legal rights in respect to the safeguards secured to him by the law? If he cannot do so by plea, he cannot do it in any way, and the law works unequally by allowing one class of persons to object to the competency of the Grand Jury, whilst another class possesses no such privilege. This cannot be. The law furnishes the same security to all, and the same principle which gives to a prisoner in Court the right to challenge, gives to one who is not in Court the right to accomplish the same end by plea, and such a plea is fully sustained by the current of authorities. But we will suppose, for the sake of the argument, that the Statute had expressly declared that no exception should be taken to any Grand Juror after he was sworn. It is exceedingly questionable at least whether such a law would be within the pale of the Constitution. It is expressly declared by the Bill of Rights that no man shall be put to answer any criminal charge but by presentment, indictment or impeachment. The term indictment as used in that instrument has a technical and common law meaning, and consequently all the safeguards thrown around the citizen by the common law are secured to him under the Constitution. If the Legislature therefore should take it upon themselves to say that a party should submit to an indictment preferred by a Grand Jury, although not competent according to the common law to sit as Grand Jurors, we should not hesitate for a moment to pronounce such indictment unconstitutional and void. We do not consider it necessary to press this view of the subject further as we are-clear that the prohibition contained in the twentieth section of the act referred to, cannot be legitimately construed to extend to Grand Juries. The pleas therefore, if true in point of fact, and that they were so is admitted by the demurrers, were a sufficient answer to the indictment, and consequently the Circuit Court committed no error in overruling the demurrers. The judgment of the Circuit Court of Pulaski county herein rendered is in all things affirmed.